FILED
08 MAY 16 AM 9:46
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1520

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| **Jorge Isacc MARTINEZ (D1)** | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- Bringing in Illegal Alien(s) Without Presentation |
| **Marcial ZEPEDA-Romero (D2)** | |
| Defendant. | Title 8, U.S.C., Section 1326 Attempted Entry After Deportation |

The undersigned complainant being duly sworn states:

### Count 1

On or about **May 14, 2008**, at the **Otay Mesa** Port of Entry, within the Southern District of California, defendant **Jorge Isacc MARTINEZ** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Marcial ZEPEDA-Romero**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

### Count 2

On or about **May 14, 2008** within the Southern District of California, defendant **Marcial ZEPEDA-Romero**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Otay Mesa** Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINT
Claudia Rios, U.S. Customs and Border
Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this 16th day of May 2008.

_____
United States Magistrate Judge    **CATHY ANN BENCIVENGO**

## PROBABLE CAUSE STATEMENT

The complaint states that **Macial ZEPEDA-Romero** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material, that is impracticable to secure his attendance at the trial thereof by subpoena; and is a material witness in relation to this criminal charge and should be held or admitted to bail as prescribed in Title 18, United States Code, Section 3144.

On May 14, 2008, at approximately 2249 hours, **Jorge Isaac MARTINEZ, Defendant 1 (D1)** applied for admission into the United States driving a white 1993 Lincoln Town Car at the Otay Mesa Port of Entry. D1 was the sole visible occupant in the vehicle. During primary inspection, before a Customs and Border Protection (CBP) Officer, D1 claimed to be a United States Citizen, provided two negative customs declarations and claimed that he was going to work. The CBP Officer opened the trunk of the vehicle and noticed something unusual about the tank area. The CBP Officer referred D1 and the vehicle to secondary inspection.

At secondary inspection a CBP/K-9 Officer utilized a service canine human narcotic detector and inspected the 1993 Lincoln Town Car. The CBP K-9 alerted to the vehicle's rear back seat. CBP Officers pulled the back seat forward and saw an arm of a person. CBP Officers had to lift the rear seat in an upwards motion in order to free the seat that had been secured tightly with three hooks. Once the seat was removed completely, CBP Officers noticed one male subject lying sideways. CBP Officers also noticed that a jagged piece of metal was next to the subjects face. Upon complete removal of the rear passenger seat, the subject, now identified as **Macial ZEPEDA-Romero, Defendant 2 (D2)** was able to extricate himself from the compartment.

Immigration Service records checks; including Deportable Alien Control System identify D2 as a deported alien. DACS information indicates that on or about May 3, 2005, D2 was ordered deported by an immigration judge and removed from the United States. DACS further reveals that D2 was last physically removed on February 14, 2008. Immigration Service records contain no evidence that D2 has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, D1 was advised of his Miranda Rights. D1 acknowledged his rights and elected to answer questions without an attorney present. D1 admitted that he made smuggling arrangements with the D2. D1 admitted that he was going to take D2 to the Otay Mesa, California upon a successful entry. D1 admitted that he was not going to receive any financial gain.

Separate videotaped interviews were conducted with D2. D2 admitted that he is a citizen of Mexico with no documents to lawfully enter or reside in the United States. D2 stated that he was traveling to San Jose, California to reunite with his family. D2 stated that he was not going to pay D1 a monetary fee to be smuggled into the United States.